## TOWN OF MARSHFIELD *v.* TOWN OF MIDDLESEX.*

### *Pauper.*  *List.*

1. Under the act of 1862 whereby the listers were directed to set dogs in the grand list at the sum of $1 each, *dogs* were *"ratable estate"* within the meaning of the pauper law.
2. R. L. s. 2811, (G. S. c. 19 s. 1,) paupers,—list ; Act of 1862, dogs taxable,—construed.

APPEAL from an order of removal of George Loveland, as a a pauper, from the town of Marshfield to the town of Middlesex. To this order of removal the defendant filed two pleas : first, that said Loveland had, at the time of said order of removal, no legal settlement in the town of Middlesex ; second, that at the time of said order of removal the said George had not come to reside in the town of Marshfield. Trial by jury, September Term, 1881, REDFIELD, J., presiding. Verdict for the plaintiff. The facts are stated in the opinion of the court.

*J. P. Lamson* and *S. C. Shurtleff*, for the plaintiff.

*H. W. Heaton*, and *Heath & Carleton*, for the defendant.

The opinion of the court was delivered by

POWERS, J. This was an appeal from an order of removal of a pauper from Marshfield to Middlesex.

To prove that the pauper had a legal settlement in the town of Middlesex, the plaintiff offered evidence tending to show that the father of the pauper had a grand list in the defendant town amounting to the sum of three dollars and upwards, besides his poll, for five years in succession. In the year 1872, one of the five years in question, the father's list was made up as follows :

Real estate, $2.40 ; personal property, .30 ; one dog, $1.00 ; one poll, $2.00,—$5.70.

*Heard August Term, 1882.

It is insisted by the defendant that the item of one dollar for one dog was not part of the father's ratable estate, and, therefore, rejecting this item, he had not the requisite list for that year.

The fourth subdivision of section one of chapter 19, G. S., provides that :

" Every person of full age who shall reside in any town in this State, and whose ratable estate held in his own right, the percentage of the value of which, besides his poll, shall be set in the list of such town, at the sum of three dollars or upwards, for five years in succession, shall thereby gain a settlement in such town."

Ratable estate within the meaning of this statute is taxable estate. It is the real and personal property that the Legislature designates as taxable. It is not questioned that the Legislature may declare what property shall be taxed and fix the method of appraising and assessing it. Farms, horses, and money obligations are " ratable estate," merely because the Legislature has ordained that such property shall be taxed. The general law declares that ratable estate shall be set in the list at one per centum of its value as appraised by the listers. But the Legislature had the right to provide that it should be set in the list at ten, fifty, or one hundred per centum of such value, or declare that horses should be set in the list at fifty dollars, and other personal property at specified values as was years ago done under the old law. Indeed, the whole jurisdiction over the question is left to the Legislature to determine what shall be taxed, as well as the rate and method of its appraisement subject to the limitation that it be equal and uniform.

This fourth subdivision does not say " whose ratable estate " *one* per centum of the value of which, &c., but " *the* percentage of the value of which" shall be set in the list for five years shall establish a settlement, thus leaving the percentage unfixed, so that whatever property the Legislature at any time may declare to be *ratable* or taxable, and at whatever *per centum* it may fix as its taxable value, it may be included under the general language used in the statute.

Under the act of 1862, in force when this list was made up, the listers in each town were directed to set dogs in the grand list at

the sum of one dollar each. This act by its own proper vigor made dogs " ratable estate" within the meaning of said fourth sub-division of section one of the pauper law, and also defined " the percentage" at which this ratable estate should stand in the list.

Thus the father of the pauper had the requisite grand list to give him a legal settlement in Middlesex, and the pauper took this settlement derivatively, and was properly removable.

Judgment affirmed.